**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2018**

---

K.C. COMPANY, INC.,

　　　　　Plaintiff - Appellant,

　　v.

PELLA CORPORATION,

　　　　　Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:20-cv-00227-DKC)

---

Submitted:  February 29, 2024　　　　　　　　　Decided:  April 10, 2024

---

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Michael T. Conway, LAZARE POTTER GIACOVAS & MOYLE LLP, New York, New York; Stephen Forte, OFFIT KURMAN, PA, New York, New York, for Appellant.  Aaron D. Van Oort, Jeffrey P. Justman, Larry E. LaTarte, Minneapolis, Minnesota, Heather Carson Perkins, Andrew J. Ball, FAEGRE DRINKER BIDDLE & REATH LLP, Denver, Colorado, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

K.C. Company, Inc. ("KCC") appeals the district court's orders granting Pella Corporation's ("Pella") motion to dismiss KCC's fraudulent inducement and negligent misrepresentation claims and granting summary judgment to Pella on KCC's breach of contract claim.  We affirm.

We review de novo the district court's order dismissing KCC's fraudulent inducement and negligent misrepresentation claims under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In other words, the complaint's factual allegations must do more than create "a sheer possibility that a defendant has acted unlawfully"; rather, the complaint must "plausibly suggest an entitlement to relief."  *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (internal quotation marks omitted).

Both parties agree that KCC's fraudulent inducement and negligent misrepresentation claims are evaluated under Maryland law.  To establish a claim for fraudulent inducement in Maryland, a plaintiff must show by clear and convincing evidence:

> (1) that the representation made is false; (2) that its falsity was either known to the [defendant], or the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; (3) that it was

2

made for the purpose of defrauding the [plaintiff]; (4) that [the plaintiff] not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that [the plaintiff] would not have done the thing from which the injury resulted had not such misrepresentation been made; and (5) that [the plaintiff] actually suffered damage directly resulting from such fraudulent misrepresentation.

*Dynacorp Ltd. v. Aramtel Ltd.*, 56 A.3d 631, 660 (Md. Ct. Spec. App. 2012). To establish the reliance element of these claims, a plaintiff must adequately allege that "it is substantially likely that [he] would not have made the choice in question" if the defendant had not made the misrepresentation. *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 535 (D. Md. 2011).

Moreover, fraud claims are subject to the Fed. R. Civ. P. 9(b) pleading standard, *see, e.g.*, *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b). "The circumstances include the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding*, 714 F.3d at 781 (internal quotation marks omitted).

Here, the district court correctly concluded that KCC failed to sufficiently allege a claim for fraudulent inducement. The misrepresentations KCC alleged Pella made contradicted the express terms of the parties' contracts. Therefore, KCC could not have reasonably relied on any such purported misrepresentations. *See Bank of Am., N.A.*, 822 F. Supp. 2d at 537 ("A person cannot reasonably believe in the full truth of an alleged misrepresentation that directly contradicts the terms of a contract.").

3

Next, to establish a negligent misrepresentation claim in Maryland, a plaintiff must allege, among other elements, that "the defendant, owing a duty of care to the plaintiff, negligently assert[ed] a false statement" and that "the plaintiff, justifiably, t[ook] action in reliance on the statement [and] . . . suffer[ed] damage proximately caused by the defendant's negligence." *Dynacorp*, 208 Md. App. at 493. A negligent misrepresentation claim must show "the promisor or predictor made the statements with the present intention not to perform." *Miller v. Fairchild Indus., Inc.*, 97 Md. App. 324, 346 (1993). We have reviewed the record and conclude that the district court correctly dismissed this claim for failure to sufficiently allege false representatives and justifiable reliance.

With respect to the breach of contract claim, "[a] district court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021) (internal quotation marks omitted). A dispute qualifies as genuine "if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). "In determining whether a genuine dispute of material fact exists, we view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Id.* (cleaned up). We review a district court's order granting summary judgment de novo. *Id.*

The parties agree that Iowa law applies to the breach of contract claim. To establish breach of contract under Iowa law, the plaintiff must show "(1) the existence of a contract; (2) the terms and conditions of the contract; (3) that [the plaintiff] has performed all the terms and conditions required under the contract; (4) the defendant[] breach[ed] . . . the

4

contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach." *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998). "A party breaches a contract when, without legal excuse, it fails to perform any promise which forms a whole or a part of the contract." *Molo Oil Co.*, 578 N.W.2d at 224.

Here, KCC, a Pella distributor and franchisee, agreed to sell its business. Pursuant to the parties' agreement, Pella had to consent to any sale, which it could not unreasonably withhold. KCC claimed that Pella unreasonably withheld its consent to a buyer that KCC presented, causing damage to KCC, as the subsequent sale of KCC was completed at a substantially lower purchase price. We agree with the district court that KCC failed to demonstrate that Pella breached the parties' contracts when it rejected KCC's proposed buyer. Pella cited legitimate business reasons for rejecting the buyer, and consistently relied on those reasons in explaining its rejection. KCC failed to demonstrate that Pella's withholding of its consent to the sale was unreasonable, pretextual, or otherwise in bad faith.

Finally, KCC asserts that the district court should have granted leave to file a second amended complaint. After the time for filing a responsive pleading has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). When the leave to amend is denied based on futility grounds,

5

we conduct a de novo review.  *See In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).  A district court should deny leave to amend on the grounds of futility only when the proposed amendment is "clearly insufficient or frivolous on its face" or "fails to withstand Rule 12(b)(6) scrutiny." *Id.* (internal quotation marks omitted). The district court did not err in denying KCC's second motion to amend based on futility as KCC's proposed amendments would still have failed to withstand Rule 12(b)(6) scrutiny.

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6